Michael A. Galpern
Karl Friedrichs
LOCKS LAW FIRM, LLC
457 Haddonfield Road, Ste 500
Cherry Hill, NJ 08002
(856) 663-8200
&
Andrew P. Bell (*pro hac vice* to be requested)
LOCKS LAW FIRM, PLLC
110 East 55th Street
New York, New York 10022
(212) 838-3333
(888) 844-3692
www.lockslaw.com

Attorneys for Plaintiffs and the Class

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DENISE SOTO-DeJESUS, Individually and on behalf of her daughter, DEMYLEE PABLOS, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOVERNMENT EMPLOYERS INSURANCE COMPANY, GEICO CASUALTY COMPANY, GEICO INDEMNITY COMPANY, GEICO GENERAL INSURANCE COMPANY, and JOHN DOES (1-300),<br><br>Defendants. | NO.<br><br>**CLASS ACTION COMPLAINT AND JURY DEMAND FOR TRIAL** |

Plaintiffs DENISE SOTO-DeJESUS, Individually and on behalf of her daughter,

DEMYLEE PABLOS, by counsel and on behalf of themselves and all others similarly

situated, individually and as class representatives, for their Complaint against Defendants

Government Employees Insurance Company, Geico Casualty Company, Geico Indemnity Company, Geico General Insurance Company, and John Does 1-300, alleges, upon information and belief, except for the allegations concerning Plaintiffs' own actions, as follows:

## INTRODUCTION

1. This is a consumer class action brought on by Plaintiffs DENISE SOTO-DeJESUS, Individually and on behalf of her daughter, DEMYLEE PABLOS ("Plaintiffs") on their own behalf and on behalf of all others similarly situated against Defendants, including related and wholly owned entities that, collectively, sell automobile insurance in New Jersey as "Geico."[1]

2. In short, the State of New Jersey has established by explicit statute, N.J.S.A. 17:28-1.1 and 39:6A-23, the manner in which an insurance company selling "standard automobile liability insurance" policies in the State can contract for uninsured/underinsured ("UM/UIM") coverage. The Statute, as is set forth below, requires explicit disclosure and an election, in writing, by the consumer of the election of UM/UIM coverage. In addition, an insurer is required to have such elections on file in the form of a Coverage Selection Form ("CSF") prior to such election becoming effective.

3. Rather than comply with the mandates of New Jersey law, however, Geico has had a policy and practice of deceptively selling such policies with UM/UIM coverage limits less than the coverage limits provided for Bodily Injury Liability ("BIL") without obtaining the required written elections. Accordingly, Plaintiffs and numerous other consumers have been illegally sold such policies with UM/UIM coverage much less than the Bodily Injury Liability ("BIL") coverage.

---

[1] As used herein, "Geico" or "Defendants" will refer jointly to the Geico entities sued in this action; all of these entities appear on the insurance documents provided to Plaintiffs.

4. When Plaintiffs and numerous other consumers have needed the additional coverage, they have been denied it by Geico, citing the illegally procured lower UM/UIM limits. This conduct by Geico violates its statutory duties, its fiduciary duties, constitutes a breach of contract, and violates New Jersey's Consumer Fraud Act, N.J.S.56:8-1, *et seq.*, all of which entitles Plaintiffs and members of the Subclass to relief.

5. This class action seeks to redress Geico's illegal and wrongful actions by compelling Geico to provide UM/UIM coverage equal to the BIL coverage limit in consumers' policies. The action seeks declaratory, injunctive and/or monetary relief for Plaintiffs and all others similarly situated.

## PARTIES, JURISDICTION AND VENUE

6. Plaintiff DENISE SOTO-DeJESUS and her daughter, Demylee Pablos, are citizens of the State of New Jersey and reside in the Township of Dover, County of Morris. At all relevant times hereto, Plaintiff Soto-DeJESUS was the owner of the insured vehicle and a policyholder of a standard automobile liability insurance policy issued by Defendants which purportedly provided for a maximum UM/UIM benefit coverage of $25,000/$50,000.

7. Defendants Government Employees Insurance Company, Geico Casualty Company, Geico Indemnity Company and Geico General Insurance Company are all related corporate entities registered to sell insurance in the State of New Jersey. At all times relevant hereto each was in the business of selling insurance to New Jersey citizens and residents, including automobile insurance. At all times relevant hereto each was a foreign corporation with the principal places of business outside the State, particularly in Fairfax, Virginia, Chevy Chase, Maryland and/or Washington, D.C.

8. At all times relevant hereto, each of the Geico Defendants purposefully availed themselves of and regularly conducted business in the State of New Jersey and had sufficient minimal contacts therewith that maintenance of suit against Defendants in this State does not offend traditional notions of fair play and substantial justice, and the transactions at issue occurred primarily or exclusively in New Jersey. Defendants are all licensed by the New Jersey Department of Banking and Insurance (DOBI) to write insurance in New Jersey. As licensees, the Geico Defendants have agreed to follow the rules established for insurance in the State of New Jersey whenever writing policies in the State of New Jersey.

9. John Does 1-300 are fictitious names for persons, partnerships and/or corporations whose true identity is not known at the present time. Plaintiffs reserve the right to file an amended complaint re-naming John Does once their true identity is known.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this matter pursuant 28 U.S.C. § 1332(d)(2)(A) in that at least one member of the Class is a citizen of a State different from any defendant name herein, and the amount in controversy exceeds the sum of $5 million, exclusive of interests and costs.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391, as a substantial part of the events giving rise to the claims asserted herein, including but not limited to the processing and investigation of Plaintiffs' claims herein, occurred in this district, as many of the underlying transaction complained of herein occurred in this district, and Defendants conduct business in this district by selling the automobile insurance policies at issue here.

12. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

LOCKS LAW FIRM LLC • ATTORNEYS AT LAW
457 Haddonfield Road, Suite 500 • Cherry Hill, NJ 08002

## FACTUAL ALLEGATIONS

13. The Geico Defendants are insurance companies licensed by the State of New Jersey to sell automobile insurance in this State.

14. The business of the sale of insurance in New Jersey is a matter in which the Legislature of the State has enacted specific statutory provisions and requirements, including statutory provisions relating to the sale of automobile insurance. At issue and relevant here are the statutory provisions relating to statutory requirements requiring written confirmation of contractual limitations concerning Uninsured/Underinsured ("UM/UIM") benefit limits as they apply to a standard automobile insurance policies, particularly N.J.S.A. 17:28-1.1 and 39:6A-23. In pertinent part, these statutes provide as follows:

> (b) Uninsured and underinsured motorist coverage shall be provided as an option by an insurer to the named insured electing a standard automobile insurance policy up to at least the following limits: $ 250,000.00 each person and $ 500,000.00 each accident for bodily injury; $ 100,000.00 each accident for property damage or $ 500,000.00 single limit, subject to an exclusion of the first $ 500.00 of such damage to property for each accident, except that the limits for uninsured and underinsured motorist coverage shall not exceed the insured's motor vehicle liability policy limits for bodily injury and property damage, respectively.
>
> * * *
>
> (d) Uninsured and underinsured motorist coverage shall be subject to the policy terms, conditions and exclusions approved by the Commissioner of Banking and Insurance, including, but not limited to, unauthorized settlements, non-duplication of coverage, subrogation and arbitration.

N.J.S.A. § 17:28-1.1.

> 39:6A-23 provides in pertinent part:
>
> (a)      ... The applicant shall indicate the options elected on the coverage selection form which shall be signed and returned to the insurer.
>
> * * *

(c)    A properly completed and executed coverage selection form shall be prima facie evidence of the named insured's knowing election or rejection of any option.

15.   In other words, the Legislature has mandated that in connection with the sale of a standard automobile liability insurance policy, an insurer must offer a consumer the option to purchase UM/UIM coverage up to $250,000/$500,000 split limits or $500,000 single limit or the limits of the bodily injury liability ("BIL") limits. In addition, the insurer must provide a Buyer's Guide and a coverage selection form ("CSF") when a consumer applies for an automobile insurance policy and a consumer's election of UM/UIM benefits coverage limits less than BIL limits must be made on a Coverage Selection Form.

16.   Geico, however, has failed to comply with the Legislature's mandated requirements, and instead, as in the case of Plaintiffs and the Class proposed here, provided UM/UIM coverage limits less than the BIL coverage limits without obtaining a coverage selection form containing the required statement (much less a statement in the form required by the law) obtaining any affirmative election from their consumers confirming their acceptance of a lesser limit for UM/UIM coverage.

17.   The regulations promulgated by the Department of Banking and Insurance to implement these statutory requirements also impose an affirmative duty upon Geico to obtain from each new applicant for automobile insurance a signed coverage selection form as evidence of the insured's knowing election or rejection of any option. N.J.A.C. 11:3-15.7 sets forth as follows:

(a)    For all new policies, an insurer or an insurance producer shall receive a Coverage Selection Form signed by the named insured and indicating the prospective insured's coverage choices. <u>Coverage shall not become effective until the signed Coverage Selection Form is received from the named insured, unless otherwise authorized by law.</u>

(Emphasis added).

18. Accordingly, consumers' selection of any limits of their UM/UIM benefits coverage below their BIL benefit coverage limits that are not confirmed in writing on a CSF that is also returned to the insurer are not effective.

19. In the absence of the insurer obtaining a signed CSF, the insurance policies should be reformed to provide UM/UIM coverage limits that are the same as the BIL limits.

20. There are two principal ways in which consumers purchase a standard automobile liability insurance policy from Geico. They either go to their Internet website located at http://www.geico.com or by calling their 1-800 telephone numbers.

21. Throughout all relevant periods of time, upon information and belief, Defendants had a common policy of failing to obtain signed coverage selection forms from class members.

22. Throughout all relevant periods of time Defendants has advertised for insurance policies in New Jersey and has sold to consumers, hundreds, if not thousands, of standard automobile liability insurance policies that have contained — and today continue to contain — UM/UIM benefits coverage less than BIL benefits coverage without the consumers having affirmatively selected the lower limit in writing on a Coverage Selection Form in compliance with the Legislature's mandates established by N.J.S.A. 39:6A-23.

23. Defendants had full actual and/or constructive knowledge of the requirements of 39:6A-23 and that in order to include and make effective UM/UIM coverage benefits limits of less than the BIL coverage in standard automobile policies issued in New Jersey, that the requirements and/or provisions of these sections must be met prior to issuance of the insurance policy.

24.     Defendants are not entitled to protection from suit under N.J.S.A. 17:38-1.9 because they failed to satisfy all the conditions necessary to invoke such protection, including but not limited to, the fact that they failed to obtain executed CSFs from Plaintiffs and members of the putative class prior to the covered accidents at issue.

25.     The circumstances of Plaintiffs Soto-DeJesus and Pablos are typical of those of other members of the Class.  In or about May 2007, Plaintiff Soto-DeJesus telephoned Geico and applied and was approved for a standard automobile insurance policy from Geico for (1) 1994 Nissan owned by her.

26.     To the best of her recollection, in applying for and purchasing her insurance, she was presented on the telephone with $25,000/$50,000 UM/UIM benefits coverage and was not provided with or given the statutorily required options of UM/UIM coverage that would equal her BIL coverage, which was $100,000/$300,000.

27.     At no time did she affirmatively select or chose in writing a $25,000/$50,000 UM/UIM benefits coverage limitation.

28.     At no time did Geico receive a signed Coverage Selection Form from Plaintiff Soto-DeJesus indicating her choice of a UM/UIM benefits coverage limitation of $25,000/$50,000 or in an amount less than her BIL coverage limitation.

29.     The standard automobile insurance policy issued to Plaintiff Soto-DeJesus by Defendants contained UM/UIM benefits coverage in the amount of $25,000/$50,000.

30.     The standard automobile insurance policy issued to her by Defendants, thus, wrongfully and in violation of New Jersey law sought to force an election of UM/UIM benefits coverage that was less than the BIL coverage.

31. Ms. Soto-DeJesus and Miss Pablos subsequently were involved in an accident involving an uninsured motorist on or about July 7, 2007.

32. The value of Plaintiffs' claims for the injuries sustained in the covera accident is in excess of $25,000.00.

33. Geico has refused to pay for any of Plaintiffs' claims in excess of $25,000.00, citing the unlawful UM/UIM coverage limit.

34. Numerous other individuals have, like Plaintiffs, been involved in automobile accidents where they believed — or were, upon requests being made to Geico, informed — that their UM/UIM benefits were limited to amounts less than the BIL coverage limits, notwithstanding Geico's failure to comply with N.J.S.A. 39:6A-23. These acts and practices of Geico have been consumer oriented, have caused ascertainable losses to these consumers and have constituted-unconscionable commercial practices, deception, fraud, misrepresentations, and/or the concealment, suppression, or omission of material facts with the intent that others, including Plaintiffs and the members of the Subclass, reasonably relied upon such concealment, suppression, or omission in connection with the purchase of motor vehicle insurance coverage and the services related to said purchase, all in violation of the New Jersey Consumer Fraud Act.

35. Inasmuch as Geico did not comply with N.J.S.A. 39:6A-23, the ostensible policy limitation on UM/UIM coverage in these individuals' policies to amounts less than the maximum (i.e., their BIL benefits coverage limit or $250,000) was invalid, illegal or wrongfully obtained and, therefore, these individuals – like Plaintiffs – were entitled to insurance coverage in excess to which Geico did provide. At no time did Geico so inform consumers of this fact or of Geico's failure to comply with New Jersey law. These individuals – Plaintiffs and the other members of the Class – are entitled to declaratory and injunctive relief that Geico must provide them with

UM/UIM coverage equal to their BIL coverage limits or $250,000, whichever is less, according to statute.

36. Consumers who were involved in automobile accidents and suffered injuries, the value of which exceeded the illegally procured UM/UIM policy limits in their standard automobile insurance policies issued by Geico, are also entitled to recovery of damages they are incurred that are in excess of their ostensible UM/UIM coverage limits up to the BIL benefit coverage limits. Inasmuch as these actions by Geico have violated the New Jersey Consumer Fraud Act, such consumers are entitled to treble damages and the other relief set forth below.

## CLASS ACTION ALLEGATIONS

37. This action is brought and may properly be maintained as a class action pursuant Rule 23(a) and Rule 23(b)(1), (2) and/or (3) of the Federal Rules of Civil Procedure. Plaintiff brings this action on behalf of herself and all members of the following class (the "Class"):

> All persons who, since at least August 30, 2004 (or such date as discovery may disclose) have been policyholders owning or beneficiaries of standard automobile liability insurance policies sold in the State of New Jersey by Defendants that have provided Uninsured/Underinsured (UM/UIM) benefits coverage limits of less than the limits of Bodily Injury Liability (BIL) or $250,000 (whichever is less) and as to whom Defendants do not have in their possession such persons' affirmative election of such limits in writing on a coverage selection form.

The action is also brought on behalf of the following sub-class within the Class of the following ("Subclass"):

> All persons in the Class who having suffered injuries in a covered accident in excess of the UM/UIM limit stated in policies covering such accident, and who have been denied UM/UIM coverage up to the BIL limit in the relevant policy or $250,000 (whichever is less).

Excluded from both the Class, and therefore the Subclass as well, are Defendants, each of their parents, subsidiaries, authorized distributors and affiliates, and their legal representatives, heirs, successors, and assigns of any excluded person.

38. The Class is so numerous that joinder of all class members is impracticable. Plaintiff believes that there are at least hundreds of members of the Class. Although the exact number and identities of individual Class members are presently unknown, the number of class members can easily be ascertained from Defendants' records and other appropriate discovery.

39. There are questions of fact and law which are common to the Class that predominate over any questions affecting only individual class members. Among the common questions of law and fact are the following:

   a. Whether Defendants have had a policy and practice of selling standard automobile liability insurance policies to consumers without meeting the requirements of N.J.S.A. 39:6A-23 by failing to obtain signed coverage selection forms from their new insureds in which affirmative written choices of UM/UIM benefits coverage limits less than the BIL limits stated in such policies.

   b. Whether Defendants' policies and practices with regard to their failure to obtain signed coverage selection forms when UM/UIM limits less than the BIL limits were the same regardless of whether the sale occurred via the internet or telephone.

   c. Whether Defendants' alleged failure to comply with N.J.S.A. 39:6A-23 means that any UM/UIM limits of purported coverage less than the BIL coverage limits were invalid as a matter of law?

   d. Whether Defendants have complied with the prerequisites for invoking the protections of N.J.S.A. 17:38-1.9?

e. Whether Plaintiffs and the other members of the Class are entitled to have their insurance contracts reformed to provide for the same limits for UM/UIM and BIL coverage from the date of issuance?

f. Whether Defendants' activities have been consumer oriented?

g. Whether Plaintiffs and members of the Subclass have suffered ascertainable losses as a result of Defendants' actions and/or have not been paid the full benefits to which they were entitled?

h. Whether Defendants' actions have violated the New Jersey Consumer Fraud Act?

i. Whether Plaintiffs and the other members of the Class and/or Subclass are entitled to specific performance, damages and/or restitution, and declaratory and/or injunctive relief?

40. Plaintiffs' claims are typical of the claims of the other members of the Class, inasmuch as all such claims arise out of Defendants' standard policy and practices relating to UM/UIM coverage limitations in automobile insurance and Plaintiffs will assert and pursue the same claims as other members of the Class. Plaintiffs have no interests antagonistic to the interests of the other members of the Class. Plaintiffs are committed to the vigorous prosecution of this action and have retained competent counsel experienced in the prosecution of class action and consumer litigation. Accordingly, Plaintiffs are adequate representatives of, and will fairly and adequately protect the interests of the Class.

41. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because prosecution of separate actions by individual Class members would create a risk of (1) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the Defendants or (2) adjudications with

respect to such individual members of the Class, which as a practical matter may be dispositive of the interests of other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

42. Class certification is further appropriate under Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

43. Class certification of the Subclass is further appropriate under Fed. R. Civ. P. 23(b)(3) because a class action is an appropriate and superior method for the fair and efficient adjudication of the present controversy inasmuch as common questions of law and/or fact predominate over any individual questions which may arise, and, accordingly, there would accrue enormous savings to both the Courts and the Subclass in litigating the common issues on a class-wide instead of on a repetitive individual basis and inasmuch as no unusual difficulties are likely to be encountered in the management of this class action in that all questions of law and/or fact to be litigated at the liability stage of this action are common to the Class.

44. This litigation presents statutory violations and consumer fraud acts and practices claims of the types that have often been prosecuted on a class-wide basis.

### FIRST CAUSE OF ACTION
### (Breach of Statutory Duty)

45. Plaintiffs repeat and reallege each allegation contained in Paragraphs 1 through 44, as if fully set forth herein.

46. Defendants had a statutory duty to comply with N.J.S.A. 39:6A-23 and 17:28-1.1 and with N.J.A.C. 11:3-15.7 to offer its insureds higher limits of UM/UIM coverage up to the BIL limit or $250,000 (whichever was less) and to obtain a signed coverage selection form from

any standard automobile insurance policyholders who elected to have UM/UIM benefits coverage less than the BIL coverage, and to issue insurance policies that would provide for such lower UM/UIM benefits coverage.

47. Defendants' actions, practices and/or conduct, as set forth above, violated N.J.S.A. 39:6A-23 and/or N.J.S.A. 11:28-1.1 and/or N.J.A.C. 11:3-15.7 and Defendants' duties thereunder, by failing to obtain signed coverage selection forms from any standard automobile insurance policyholders who selected UM/UIM coverage less than their BIL coverage limits and by failing to provide that such insurance policies, if such limits were not affirmatively chosen in writing, would provide UM/UIM benefits coverage that equaled the BIL coverage.

48. As a result of Defendants' actions, practices and/or conduct, as set forth above, Plaintiffs and members of the class should be entitled to declaratory and/or injunctive relief providing that Defendants have breached their statutory duties, providing that Defendants be enjoined from continuing to breach such statutory duties now or in the future, providing for the reformation of the standard automobile insurance policies of Plaintiffs and members of the Class in order to provide UM/UIM limits equal to the BIL coverage provided in such policies, and providing for specific performance of Defendants' duties to process the UM/UIM claims of Plaintiffs and members of the Class up to the reformed limits, together with such other and further relief as this Court may deem just and proper. Additionally, Plaintiffs and members of the Subclass are entitled to damages for this breach and the proximate harm they have suffered.

## SECOND CAUSE OF ACTION
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

49. Plaintiffs repeat and reallege each allegation contained in Paragraphs 1 through 48, as if fully set forth herein.

LOCKS LAW FIRM LLC • ATTORNEYS AT LAW
457 Haddonfield Road, Suite 500 • Cherry Hill, NJ 08002

50. The law of New Jersey implies, as a matter of law, a covenant of good faith and fair dealing as between Geico and any of their standard automobile insurance policyholders in the sale of automobile insurance policies.

51. The law of New Jersey implies, as a matter of law, a covenant of good faith and fair dealing as between Geico and any of their standard automobile insurance policyholders in the issuance of standard automobile insurance policies and in the processing of UM/UIM benefits claims under their standard automobile insurance policies.

52. Defendants' actions, practices and/or conduct, as set forth above, breached the covenant of good faith and fair dealing implied by New Jersey law, by failing to obtain signed coverage selection forms from any standard automobile insurance policyholders who purported selected UM/UIM coverage less than the BIL coverage and by failing to provide that such insurance policies, if UM/UIM limits less than BIL coverage were not affirmatively chosen in writing, would provide for UM/UIM benefits coverage equal to the BIL coverage.

53. Defendants' actions, practices and/or conduct, as set forth above, breached the covenant of good faith and fair dealing implied by New Jersey law, by erroneously informing Plaintiffs and members of the subclass, as defined herein, that their standard automobile insurance policies did not provide for UM/UIM benefits coverage equal to the BIL benefits coverage and/or by erroneously denying claims made by Plaintiffs and members of the subclass, as defined herein, based solely upon the purported UM/UIM limits set forth in their policies, rather than processing the claims as required by law up to the BIL coverage limit.

54. As a result of Defendants' actions, practices and/or conduct, as set forth above, Plaintiffs and members of the class should be entitled to declaratory and/or injunctive relief providing that Defendants have breached of the implied covenant of good faith and fair dealing.

providing for Defendants be enjoined from continuing to breach the covenant of good faith and fair dealing now or in the future, providing for the reformation of the standard automobile insurance policies of Plaintiffs and members of the Class in order to provide for UM/UIM limits equal to the BIL coverage provided, and providing for specific performance of Defendants' duties to process the UM/UIM claims of Plaintiffs and members of the Class up to the reformed limits, together with such other and further relief as this Court may deem just and proper. Additionally, Plaintiffs and members of the Subclass are entitled to damages for this breach and the proximate harm they have suffered.

### THIRD CAUSE OF ACTION
### (Breach of Contract)

55.   Plaintiffs repeat and reallege each allegation contained in Paragraphs 1 through 54, as if fully set forth herein.

56.   Defendants and Plaintiffs and the members of the Class entered into or were intended beneficiaries of contracts for standard automobile insurance policies under the laws of the State of New Jersey.

57.   As a result of Defendants' actions, practices and/or conduct, as set forth above, as to certain Plaintiffs and members of the Subclass, as defined herein, Geico breached their standard automobile insurance contracts by issuing standard automobile insurance policies with UM/UIM limits less than the BIL coverage limits when Defendants did not obtain such election in writing in a CSF, by erroneously informing Plaintiffs and members of the Subclass, as defined herein, that their standard automobile insurance policies did not provide for UM/UIM benefits coverage up to the BIL coverage limits and/or by erroneously denying claims made by Plaintiffs and members of the Subclass, as defined herein, based solely upon the purported UM/UIM limits

set forth in their policies, rather than processing the claims as required by law up to the BIL coverage limits.

58. As a result of Defendants' actions, practices and/or conduct, as set forth above, Plaintiffs and members of the Subclass, as defined herein, should be entitled to declaratory and/or injunctive relief declaring that Defendants have breached their contracts, providing for Defendants be enjoined from continuing to breach the contracts now or in the future, providing for the reformation of the standard automobile insurance policies of Plaintiffs and members of the Class in order to provide UM/UIM limits equal to the BIL coverage provided in such policies, and providing for specific performance of Defendants' duties to process the UM/UIM claims of Plaintiffs and members of the Class up to the reformed limits, together with such other and further relief as this Court may deem just and proper.

59. As a direct, foreseeable and/or proximate result of Defendants' actions, practices and/or conduct, as set forth above, Plaintiffs and members of the Subclass are entitled to damages for this breach and the proximate harm they have suffered.

## FOURTH CAUSE OF ACTION
### (Violation of New Jersey's Consumer Fraud Act, N.J.S.A. 56:8-1, et seq.)

60. Plaintiffs repeat and reallege each allegation contained in Paragraphs 1 through 59, as if fully set forth herein.

61. The acts and practices of Defendants, as set forth above, have directly, foreseeably, and proximately caused ascertainable damages and injury to Plaintiffs and members of the Subclass in amounts yet to be determined.

62. The actions of Defendants constitute acts, uses, or employment by Defendants of unconscionable commercial practices, misrepresentations, or the knowing concealment, suppression or omission of material facts with the intent that others rely upon such concealment,

suppression, or omission, in connection with the sale or advertisement of merchandise, by Defendants in violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 *et seq.* Particularly, Defendants failed to follow the specific mandates of New Jersey law in the sale of standard automobile liability insurance policies to consumers in New Jersey and in doing so have caused economic loss and harm to Plaintiffs and member of the Subclass as a result of the deceptive and misleading manner in which they acted.

63.     As a result of Defendants' unlawful acts or practices, Plaintiffs and the members of the Subclass have been injured in amounts to be proven at trial, and Defendants should be ordered to pay, as damages to Plaintiffs and the members of the Subclass, the value of their injuries in excess of the ostensible UM/UIM coverage limitation on their policies, such damages trebled pursuant to the terms of the New Jersey Consumer Fraud Act, and Defendants should be enjoined from continuing to violate the law hereafter, as well as the other relief set forth below.

### NOTICE TO ATTORNEY GENERAL OF ACTION

A copy of this Complaint shall be mailed to the Attorney General of the State of New Jersey within ten days after the filing of this Complaint with the Court pursuant to N.J.S.A. 56:8-20.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on his behalf and on behalf of all others similarly situated, prays for judgment as follows:

1. That this Court certify this case as a class action under Rule 23(a) and Rule 23(b)(1), (2) and/or (3) of the Federal Rules of Civil Procedure, and appoint plaintiff and his counsel to represent the Class and Subclass;

2. That Defendants' conduct and practices have breached their statutory duties and the implied covenant of good faith and fair dealing as to members of the Class, and have breach their insurance policy contracts as to members of the Subclass, and are unlawful, unfair and/or deceptive in violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-19;

3. That all standard automobile liability insurance policies issued by Defendants to all members of the Class are reformed, as a matter of law, to include UM/UIM benefit limit equal to the BIL benefit limit or $250,000.00 (whichever is less), unless the policyholder/applicant affirmatively selects in writing on a CSF obtained by Defendants an election of a lower UM/UIM limit in accordance with N.J.S.A. 39:6A-23 or, in the alternative, that each member of the Class be entitled to elect to have their policy or policies so reformed;

4. That Defendants notify all members of the Class that their standard automobile liability insurance policies have been so reformed at Defendants' expense;

5. That Defendants be ordered to pay actual damages to the Subclass in an amount to be proven at trial, trebled, together with reasonable attorneys' fees, filing fees, and

the reasonable costs of suit pursuant to New Jersey Consumer Fraud Act, N.J.S.A. 56:8-19;

6. That Defendants be enjoined from continuing their policy of failing to comply with N.J.S.A. 39:6A-23;

7. That Defendants be ordered to pay pre- and post judgment interest; and

8. That the Court Order such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

By:    /s/ Michael A. Galpern
Michael A. Galpern
Karl Friedrichs
LOCKS LAW FIRM, LLC
457 Haddonfield Road, Ste 500
Cherry Hill, NJ 08002
(856) 663-8200
&
Andrew P. Bell (*pro hac vice* to be requested)
LOCKS LAW FIRM, PLLC
110 East 55th Street
New York, New York 10022
(212) 838-3333
(888) 844-3692
www.lockslaw.com